**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:

**SPRING TREE LENDING, LLC,**

      **Debtor.**

**CHAPTER 11**

**CASE NO. 18-55171-SMS**

**TRUSTEE'S APPLICATION PURSUANT TO SECTION 327(a) AND (d) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 FOR AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
VANTAGE POINT ADVISORY, INC. AS ACCOUNTANTS FOR THE ESTATE**

COMES NOW Mark A. Smith, duly appointed trustee (the "**Trustee**") for SPRING

TREE LENDING, LLC, debtor (the "**Debtor**") in the above-styled case (the "**Case**"), and files

this Application for Entry of an Order Authorizing the Employment of the VANTAGE POINT

ADVISORY, INC., ("**Vantage**") as Accountants for the Estate (the "**Application**"), respectfully

showing the Court as follows:

**Jurisdiction and Venue**

1.      On March 28, 2018 (the "Petition Date"), Pacific Island Equity Corporation filed an

involuntary petition (the "**Involuntary Petition**") for relief under Chapter 11 of the United

States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") against the Debtor.

(Doc. 1).

2.      On April 18, 2018, the Debtor filed an Answer to the Involuntary Petition in which it

admitted the allegations therein (Doc. 18).

3.      On April 25, 2018, the Court entered an Order for Relief in the Case.  (Doc. 21).

4.      No creditor's committee has been appointed in this case.

5.      On May 14, 2018, Pacific Island Equity Corporation filed a motion to appoint trustee or

examiner (Doc. 33).

6.    On June 5, 2018, the Court entered an Order granting the motion to appoint a trustee (Doc. 50).

7.    On June 7, 2018, the United States Trustee filed a Notice of Appointment of Mark A. Smith as Chapter 11 trustee in the Case. (Doc. 51).

8.    On June 12, 2018, Mark A. Smith filed a notice of acceptance of his appointment as Trustee (Doc. 56).

9.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

10.    Venue of this Case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11.    This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Relief Sought**

12.    The Trustee wishes to employ the Vantage Point Advisory, Inc. ("Vantage") as the Accountants for the Estate in this Case. The Trustee is the sole owner of Vantage and so brings this Application pursuant to 11 U.S.C. § 327(d) which provides, "The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate."

13.    Employing Vantage as the Trustee's accountants is essential to a successful reorganization of the Debtor. Vantage professionals are well qualified to represent the Estate. In support this Application, the Trustee offers the Declaration of Mark A. Smith in Support of Trustee's Application Pursuant to Section 327(a) and (d) of the Bankruptcy Code and Bankruptcy Rule 2014 for an Order Authorizing the Employment of Vantage Point Advisory, Inc., as Accountants for the Estate (the "Smith Declaration") attached to his Application as

Exhibit A. The terms of Vantage's engagement are set forth in that certain Agreement dated June 8, 2018, between Vantage and the Trustee, a copy of which is attached to this Application as Exhibit B (the "Engagement Agreement"). For the avoidance of doubt, the Trustee is seeking approval of the engagement of Vantage based solely on the terms and provisions as set forth in this Application and the proposed Retention Order attached to this Application.

14.     By this Application, the Trustee seeks entry of an order substantially in the form of Exhibit C, pursuant to Section 327 of the Bankruptcy Code, approving the employment of Vantage, to be compensated pursuant to Section 330 of the Bankruptcy Code, as the accountant for the estate in this Case, effective as of the June 8, 2018.

15.     The Trustee submits that Vantage's rates are competitive and reasonable given Vantage's quality of services and expertise.

16.     In the performance of the Trustee's duties in this Case, and any related proceedings in this Court and other courts, it will be necessary for various accounting services to be rendered by Vantage to the estate including:

a)     Assess the near-term and intermediate cash flow and financing requirements of the Company in order to create a cash-based budget to support any motions for the ongoing use of cash collateral;

b)     Provide support and assistance with regards to the proper receipt, disbursement and accounting for funds and other property of the Estate;

c)     Assist with the development of tools, processes and procedures necessary to properly document, communicate and manage these requirements going forward;

d)     Assist the Trustee with a thorough review of the Debtor's financial affairs including, but not limited to potential preference payments, as well as historical transactions

3

between the Spring Tree family of related entities.

e)    Assess operational functions including, as necessary, various processes and procedures related to managing and servicing a portfolio of subprime auto loans;

f)    Offer recommendations regarding both accounting and operational improvements, and develop an actionable restructuring plan;

g)    Assist management with ongoing communications and negotiations between the Trustee and various creditors, including American Credit Acceptance and Pacific Island Equity Corporation regarding the aforementioned; and

h)    Advise and assist the Trustee with the preparation and filing of any and all tax returns.

17.    The Trustee wishes to employ Vantage as accountant for the estate in this Bankruptcy Case pursuant to Section 327(a) and (d) of the Bankruptcy Code.  The Trustee has agreed to pay Vantage their standard hourly rates, and other charges such as expense reimbursements, all being subject to approval by the Court, on notice as provided in the Bankruptcy Code.  The principal professionals presently designated to act as accountants for the estate in this Case and their standard hourly rates are set forth below:

|  |  |
|---|---|
| Partners | $300.00 - $350.00 |
| Associates | $225.00 - $275.00 |

18.    The Trustee understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, including increased experience of professionals rendering services.  Further, the Trustee understands that it is Vantage's policy to charge its clients for all other expenses incurred in connection with the client's engagement.  The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses,

transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Trustee understands that Vantage will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to Vantage's other clients.

19.     To the best of Trustee's knowledge, Vantage does not hold or represent an interest adverse to the Debtor or its estate in the matters upon which they are to be engaged. Vantage is a disinterested person under Section 101(14) of the Bankruptcy Code with regard to the matters upon which they are to be engaged, and their appointment will be in the best interests of the Debtor's estates, creditors, and other parties in interest.

20.     To the best of Trustee's knowledge, Vantage has no connections with Debtor, creditors of Debtor, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.   Additionally, no member or employee of Vantage is a relative of the Bankruptcy Judge in this Case or a relative of the United States Trustee or an employee of the Office of the United States Trustee.  The Trustee has been advised that Vantage has examined its books and records with respect to its connections to creditors and other parties in interest and is continuing to do so.

21.     Section 327(a) of the Bankruptcy Code provides that a trustee may, with the court's approval, employ professionals that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as defined by Section 101(14) of the Bankruptcy Code, to represent or assist the trustee in carrying out his duties under the Bankruptcy Code. *See* 11 U.S.C. §§ 101(14) and 327(a). Because the Trustee is the sole owner of Vantage, the Trustee also seeks to employ Vantage as accountant for the estate pursuant to Section 327(d) of the Bankruptcy Code.

22.      Vantage's services will enable the Trustee to execute faithfully his duties as a Chapter 11 trustee, and are necessary to the successful functioning of this Case and formation of a Chapter 11 plan of reorganization. Based upon their extensive experience and expertise, Vantage is both well-qualified and uniquely able to provide accounting services to the estate during this Case in an efficient, cost-effective, and timely manner. As stated above, the Trustee does not believe that Vantage holds or represents any interest adverse to the Debtor's bankruptcy estate or has any connections to the Debtor, and the Trustee believes that Vantage is a "disinterested person" under the Bankruptcy Code but for the avoidance of doubt discloses that the Trustee owns Vantage, which is permitted under Section 327(d) of the Bankruptcy Code. Accordingly, the Trustee submits that the engagement of Vantage is in the best interests of the Debtor, the bankruptcy estate of the Debtor, its creditors, and other parties in interest, and should be approved by the Court. No previous application for the relief sought in this Application has been made to this or any other court.

23.      Notice of this Application has been given to the following parties, or in lieu thereof, to their counsel: (a) the Office of the United States Trustee for Northern District of Georgia; (b) counsel for American Credit Acceptance, LLC, the Debtor's prepetition secured creditor; (c) those creditors identified in the Debtor's list of twenty (20) largest unsecured creditors; (d) the Internal Revenue Service; and (e) all other parties required to receive service under Rule 2002 of the Bankruptcy Rules. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

24.      For the above stated reasons, the Trustee respectfully requests that he be authorized to employ Vantage Point Advisory, Inc., including any members or associates, as accountant for the Estate in this Case effective June 8, 2018.

6

WHEREFORE, the Trustee respectfully requests that the Court grant the relief requested in the Application, enter an order substantially in the same form as the proposed Order attached to the Application as Exhibit C, and grant such other and further relief as it deems just and proper.

Respectfully submitted this 14th day of June, 2018.

_____

Mark A. Smith, Chapter 11 Trustee

## EXHIBIT A

**Smith Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE:

**SPRING TREE LENDING, LLC,**

**Debtor.**

**CHAPTER 11**

**CASE NO. 18-55171-SMS**

**DECLARATION OF MARK A. SMITH IN SUPPORT OF
THE TRUSTEE'S APPLICATION FOR AN ORDER APPOINTING
VANTAGE POINT ADVISORY, INC. AS ACCOUNTANTS FOR THE ESTATE**

Pursuant to 28 U.S.C. § 1746, I, Mark A. Smith, declare as follows:

1.      I am the sole shareholder of Vantage Point Advisory, Inc. ("Vantage"), which maintains an office at 5565 Glenridge Connector, Suite 200, Atlanta, Georgia 30342, and I am authorized to submit this declaration ("Smith Declaration") on behalf of Vantage. I submit this Smith Declaration in support of the Trustee's application (the "Application") for an order appointing Vantage as Accountants for the Estate effective June 8, 2018. The matters set forth in this Smith Declaration are made of my own personal knowledge and, if called as a witness, I could and would competently testify as follows.

2.      By this Application, the Trustee seeks entry of an order pursuant to Section 327 of the Bankruptcy Code, approving the employment of Vantage, to be compensated pursuant to Section 330 of the Bankruptcy Code, as accountant for the estate in this Case, effective as of the June 8, 2018. The specific services Vantage proposes to render to the estate are described in the Application and are incorporated herein by reference. The proposed terms and conditions of Vantage's employment, as set forth in the Engagement Agreement, are consistent with and

typical of other accounting firm engagements in chapter 11 bankruptcy cases approved by the United States Bankruptcy Court for the Northern District of Georgia (the "Court").

3.      In the performance of the Trustee's duties in this Case, and any related proceedings in this Court and other courts, it will be necessary for various accounting services to be rendered by Vantage to the estate including:

a)      Assess the near-term and intermediate cash flow and financing requirements of the Company in order to create a cash-based budget to support any motions for the ongoing use of cash collateral;

b)      Provide support and assistance with regards to the proper receipt, disbursement and accounting for funds and other property of the Estate;

c)      Assist with the development of tools, processes and procedures necessary to properly document, communicate and manage these requirements going forward;

d)      Assist the Trustee with a thorough review of the Debtor's financial affairs including, but not limited to potential preference payments, as well as historical transactions between the Spring Tree family of related entities.

e)      Assess operational functions including, as necessary, various processes and procedures related to managing and servicing a portfolio of subprime auto loans;

f)      Offer recommendations regarding both accounting and operational improvements, and develop an actionable restructuring plan;

g)      Assist management with ongoing communications and negotiations between the Company and various creditors, including American Credit Acceptance and Pacific Island Equity Corporation regarding the aforementioned; and

h)      Advise and assist the Trustee with the preparation and filing of any and all tax

returns.

4.      To the best of my knowledge and belief, and based solely upon information provided to me by the Debtor, and except as provided in this Smith Declaration, neither Vantage nor any employee of Vantage, holds nor represents any interest materially adverse to the Debtor, its bankruptcy estate, or its creditors.

5.      Vantage has not been employed to assist any entity or person other than the Trustee on matters relating to, or in connection with, this chapter 11 bankruptcy case.    If Vantage's proposed retention is approved by this Court, Vantage will not accept any engagement or perform any service for any entity or person other than the Trustee or the bankruptcy estate in this chapter 11 case.    In addition, Vantage may provide professional services to entities or persons that may be creditors or parties in interest in this chapter 11 case, which services do not relate to, or have any connection with, this chapter 11 case or the Debtor.

6.      On behalf of Vantage, I hereby represent that Vantage is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged, in that Vantage and its personnel: (a) are not creditors, equity security holders or insiders of the Debtor; (b) are not and were not, within two years before the date of the filing of this bankruptcy case, a director, officer or employee of the Debtor; and (c) do not have or represent an interest adverse to the interests of the Debtor's bankruptcy estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.    However, for the avoidance of doubt, I acknowledge that I own Vantage, which I understand to be permitted if my employment as trustee of Vantage to be accountants for the estate is authorized by the court.  See, 11 U.S.C. § 327(d).

7.      Subject to the Court's approval, the Trustee has agreed to pay Vantage its standard hourly rates, and other charges such as expense reimbursements, all being subject to approval by the Court, on notice as provided in the Bankruptcy Code.   The principal professionals presently designated to represent the Trustee in this Case and their standard hourly rates are set forth below:

|  |  |
|---|---|
| Partners | $300.00 - $350.00 |
| Associates | $225.00 - $275.00 |

Other Vantage professionals may from time to time perform services for the Trustee in connection with the matters described in this Application.  The Trustee understands that the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, including increased experience of professionals rendering services.  Further, the Trustee understands that it is Vantage's policy to charge its clients for all other expenses incurred in connection with the client's engagement.  The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  The Trustee understands that Vantage will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to Vantage's other clients.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 14th day of June 2018.

_____
Mark A. Smith
Partner

## __EXHIBIT B__

**Engagement Agreement**

**Vantage Point Advisory, Inc.**
*A New Perspective*

June 8, 2018

# ENGAGEMENT LETTER

**Private & Confidential**
**Via E-mail**

Mark A. Smith, CFA
Chapter 11 Trustee for
Spring Tree Lending, LLC
1755 The Exchange SE – Suite 215
Atlanta, GA 30339

Via electronic mail

Re: Engagement of Vantage Point Advisory, Inc. by Mark A. Smith as Chapter 11 Trustee for Spring Tree Lending, LLC, Case No. 18-55171 – sms as Accountants for the Estate

Dear Mr. Smith,

## 1.  Introduction

Vantage Point Advisory, Inc. ("Vantage Point") would like to thank you for the opportunity to submit this engagement letter which outlines our proposed services to you as the Chapter 11 Trustee for Spring Tree Lending, LLC.  This letter confirms the engagement of Vantage Point Advisory, Inc. as accountants for the bankruptcy estate of Spring Tree Lending, Inc., Debtor ("you," "your," "Spring Tree," the "Debtor," the "Estate," or the "Trustee").  This letter also outlines our understanding regarding the services to be provided and the manner in which we will be compensated for those services.

## 2.  Scope of Services

To the extent requested by the you and as required under any court order, Vantage Point Advisory, Inc. will serve as the Accountant for the Estate and provide the following services:

- Assess the near-term and intermediate cash flow and financing requirements of the Estate in order to create a cash-based budget to support any motions for the ongoing use of cash collateral;
- Provide support and assistance with regards to the proper receipt, disbursement and accounting for funds and other property of the Estate;
- Assist with the development of tools, processes and procedures necessary to properly document, communicate and manage these requirements going forward;
- Assist the Trustee with a thorough review of the Debtor's financial affairs including, but not limited to potential preference payments, as well as historical transactions between the Spring Tree family of related entities.
- Assess operational functions including, as necessary, various processes and procedures related to managing and servicing a portfolio of subprime auto loans;
- Offer recommendations regarding both accounting and operational improvements, and develop an actionable



Vantage Point Advisory, Inc.
*A New Perspective*

June 8, 2018

restructuring plan;

- Assist management with ongoing communications and negotiations between the Debtor and various creditors, including American Credit Acceptance and Pacific Island Equity Corporation regarding the aforementioned; and
- Advise and assist the Trustee with the preparation and filing of any and all tax returns;

These requirements will most likely be derived from the development of a cash-based financial forecast encompassing all relevant management, operating and industry assumptions, which shall serve as part of the Debtor's restructure plan. In addition, we will assist you as Trustee, as needed, with the development of capital sourcing and the evaluation of alternative strategic options including, but not limited to, a refinance, outside capital raise or even a sale of the Debtor's assets.

As a part of this engagement, Vantage Point may be requested to assist you (and your legal or other advisors) in discussions with the Debtor's creditors and equity holders and with other interested parties. In the event we participate in such discussions, the representations made and the positions advanced should be construed as opinion only based upon the information available to us at the time. Given the complexities of these situations, we are unable to make any guarantees regarding the outcome in this or any other matter.

We understand that the Scope of Services will continue to evolve as progress is made on the above matters and we will work with management to efficiently utilize our time in accordance with defined objectives.

## 3.    Compensation

Our agreed upon compensation for the services to be rendered pursuant to this letter agreement shall be billed at the firm's standard hourly rates, which range as follows:

| | |
|---|---|
| Partners | $300.00 - $350.00 |
| Associates | $225.00 - $275.00 |

We will provide statements to you and all other interested parties on a periodic basis or as otherwise required by law. All statements will include detailed descriptions of the services provided and is recorded in tenths of hours. Our fees are not contingent upon the results of this engagement but are subject to approval by the Bankruptcy Court having jurisdiction over the Estate.

It is understood that if employees or affiliates of Vantage Point Advisory, Inc are required to testify at any administrative or judicial proceeding relating to this matter (whether during the term of this letter agreement or after termination), Vantage Point will be compensated by you at the standard hourly rates for each such employee, in effect at the time, and reimbursed for reasonable out-of-pocket expenses (including reasonable counsel fees).

## 4.    Expenses

All reasonable expenses associated with the above Scope of Services shall be for the account of the Debtor. These expenses include, but are not limited to, airfare, hotel accommodations, out-of-town meals, automobile



June 8, 2018

rental and mileage, telephone, supplies, and any other item or service related to the above Scope of Services. Mileage associated with travel by car will be charged to you at a rate of $0.585 per mile. Travel time is billed at 50.0% of the firm's standard hourly rates. A summary of expenses incurred will be submitted periodically and shall be due and payable as outlined in Section 3 of this agreement or as otherwise required by law.

## 5. Termination

You may terminate this engagement with Vantage Point Advisory, Inc. in writing, without notice. Should you choose to exercise this option, your only remaining obligation to Vantage Point Advisory, Inc. shall be the payment of any outstanding balances due at the time of termination.

## 6. Confidentiality

We acknowledge that during this project we may acquire information about the Debtor, including, but not limited to its technical and business information and models, reports, plans, financial information, organizational information and structure, data and trade secrets (the "Confidential Information"), all of which is highly confidential and proprietary to the Debtor. Confidential Information shall not include information generally available to or known by the public. We, including our Representatives, will hold all such Confidential Information in strict confidence and shall not reveal the same to any person or entity except as required in connection with the performance of our services hereunder or except upon request of the Company or pursuant to a court order.

## 7. Waiver of Jury Trial / Dispute Resolution

You agree that neither you nor any of your assignees or successors shall (a) seek a jury trial in any lawsuit, proceeding, counterclaim or any other action based upon or arising out of or in connection with the engagement of Vantage Point Advisory, Inc. by your or any services rendered pursuant to such engagement or (b) seek to consolidate any such action with any other action in which a jury trial cannot be or has not been waived. The provisions of this paragraph have been fully discussed by you and Vantage Point Advisory, Inc. and shall be subject to no exceptions.

## 8. Continuation of Terms

The terms of the Engagement Contract that by their context are intended to be performed after termination or expiration of this Engagement Contract, including but not limited to, section six and section eight, are intended to survive such termination or expiration and shall continue to bind all parties.

## 9. Citation of Engagement

Notwithstanding anything to the contrary contained herein, after the engagement of Vantage Point Advisory, Inc. becomes a matter of public record, we shall have the right to disclose our retention by you or the successful completion of its services hereunder in marketing or promotional materials placed by Vantage Point Advisory, Inc., at its own expense, in financial and other newspapers or otherwise. Please note that any disclosure will be done so in general terms only and will not disclose the your role without your prior written consent.


Vantage Point Advisory, Inc.
*A New Perspective*

June 8, 2018

**10.    Entire Agreement**

This letter shall be the entire agreement between you and Vantage Point Advisory, Inc.  No other agreements, expressed or implied, written or oral, shall govern this matter.  Vantage Point does however retain the right to modify this agreement as may be required to comply with the provisions of any order of the United States Bankruptcy Court having jurisdiction over the bankruptcy estate of the Debtor.

Thank you again for allowing us to assist you in this matter. If this letter conforms to your understanding of our agreement, please confirm your acceptance by signing a copy in the space provided below.
.

Sincerely yours,

**Vantage Point Advisory, Inc.**

By: _____    Date: _____6/8/2018_____

Mark A. Smith, CFA
Partner
404.643.8410
mark.smith@vantagepointadvisory.com

Accepted, Agreed and Signed by:

By: _____    Date: _____6/8/2018_____
    Mark A. Smith, Chapter 11
    Trustee for Spring Tree Lending, LLC

# **EXHIBIT C**

## **Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

SPRING TREE LENDING, LLC,

          Debtor.

CHAPTER 11

CASE NO. 18-55171-SMS

### ORDER PURSUANT TO SECTION 327(a) and (d) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE RETENTION AND EMPLOYMENT OF VANTAGE POINT ADVISORY, INC. AS ACCOUNTANTS FOR THE ESTATE

The matter before the Court is the Application (the "Application") of Mark A. Smith, Chapter 11 trustee for Spring Tree Lending, LLC (respectively the "Trustee" and the "Debtor") in the above-captioned case (the "Case") for entry of an order (this "Order"), pursuant to sections 327(a) and (d), and 1107 of title 11 of the Bankruptcy Code, and Bankruptcy Rules 2014 authorizing the Trustee to retain and employ Vantage Point Advisory, Inc., ("Vantage") as accountants for the estate. Having reviewed the Smith Declaration, which is annexed to the Application as Exhibit B, the Court finds that the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; the Court concludes

that it has jurisdiction over the Application pursuant to 28 U.S.C. §157(b)(2)(A); and the Court finds that the professionals of Vantage are qualified to act as accountant for the estate in this Case and that they represent no interest adverse to the Debtor or its bankruptcy estate, and that the Trustee's employment of Vantage is necessary and is in the best interests of the estate. Furthermore, the Court finds that the employment by the Trustee of Vantage is appropriate under 11 U.S.C. § 327(d). Accordingly, it is hereby

ORDERED AND ADJUDGED that, subject to objection as set forth herein, the Application is GRANTED, and employment of the Vantage Point Advisory, Inc., by the Trustee is hereby authorized and approved effective as of June 8, 2018. No compensation or expense reimbursement from the estate is authorized hereunder except as provided by Bankruptcy Code Sections 330 and 331, pursuant to order of this Court; and it is further

ORDERED AND NOTICE IS HEREBY GIVEN that any objection to the relief requested in the Application must be filed with the Clerk of the United States Bankruptcy Court, 1340 Richard Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, and served upon counsel for the Trustee, J. Michael Levengood, Law Office of J. Michael Levengood, LLC, 150 S. Perry St., Suite 208, Atlanta, Georgia 30303, within twenty-one (21) days from the date of entry of this Order. Any objections not timely filed will be deemed waived and forever barred. In the event any written objections are filed within said period, a hearing will be held on notice to the objecting party, the Law Office of J. Michael Levengood, LLC, and the Trustee. In the event no objections are timely filed to the Application, this Order shall become the final Order of the Court; and it is further

ORDERED AND ADJUDGED that counsel for the Trustee shall cause a copy of this Order to be served upon the Office of the United States Trustee, those attorneys who have filed a notice of appearance, and upon the creditors listed in the master list of creditors in this Case.

**END OF DOCUMENT**

Prepared and presented by:

/s/ J. Michael Levengood
John Michael Levengood
Georgia Bar No. 447934
LAW OFFICE OF J. MICHAEL LEVENGOOD, LLC
150 S. Perry Street, Suite 208
Lawrenceville, GA 30046
T: (678) 765-1745
F: (678) 606-5031
E: mlevengood@levengoodlaw.com

*Proposed Counsel for the Trustee*

**DISTRIBUTION LIST**

John Michael Levengood
Law Office Of J. Michael Levengood, LLC
150 S. Perry Street, Suite 208
Lawrenceville, GA 30046

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Mark A. Smith, Chapter 11 Trustee
for Spring Tree Lending, LLC
Vantage Point Advisory, Inc.
5565 Glenridge Connector, Suite 200
Atlanta, GA 30342

CERTIFICATE OF SERVICE

I certify that I have this day served a true and correct copy of the within and foregoing **TRUSTEE'S APPLICATION PURSUANT TO SECTION 327(a) and (d) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF VANTAGE POINT ADVISORY, INC. AS ACCOUNTANT FOR THE ESTATE** upon the following creditors and other interested parties in this Chapter 11 case by depositing a copy of same in the United States mail with adequate postage affixed thereto addressed as follows:

See Exhibit "A"

Dated: this 14th day of June, 2018.

/s/ J. Michael Levengood
John Michael Levengood
Ga. Bar No. 447934

LAW OFFICE OF J. MICHAEL LEVENGOOD, LLC
150 S. Perry St., Suite 208
Lawrenceville, GA 30046
Phone: 678-765-1745
Fax: 678-606-5031
Email: mlevengood@levengoodlaw.com
Proposed Counsel for Mark A. Smith, Chapter 11 Trustee

Spring Tree Lending, LLC
1755 The Exchange, Suite 215
Atlanta, GA 30339

American Credit Acceptance
961 E. Main Street
Spartanburg, SC 29302-2185

Spring Tree Fund 1, LLC
15269 Morningside Drive
Surprise, AZ 85374

Lindsay P.S. Kolba, Trial Attorney
Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303

Amy Sherman
4915 Rattlesnake Hammock #120
Naples, FL 34113-6959

U.S. Securities and Exchange Commission
Office of Reorganization
Suite 900
950 East Paces Ferry Road, NE
Atlanta, GA 30326-1382

George M. Geeslin, Esq.
Two Midtown Plaza, Suite 1350
Atlanta, GA 30309

Curtis Holder
1389 Center Drive, Suite 170
Park city, UT 84098-7712

Spring Tree Financial, LLC
1755 The Exchange, Suite 215
Atlanta, GA 30339-7417

Erich N. Durlacher
Burr & Forman, LLP
Suite 1100, 171 Seventeenth Street, N.W.
Atlanta, GA 30363

DPG Golden Eagle LLC
950 W. Elliot Rd Ste. 101-A
Tempe. AZ 85284-1136

John Marshall
239 W. Court St.
Woodland, CA 95695

Leslie M. Pineyro, Esq.
Jones and Walden, LLC
21 Eighth Street, N.E.
Atlanta, GA 30309

Frazier & Deeter
1230 Peachtree Street
Suite 1500
Atlanta, GA 30309-3504

John Michael Levengood
Law Office of J. Michael Levengood, LLC
150 S. Perry St., Suite 208
Lawrenceville, GA 30046

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Mark A. Smith, Chapter 11 Trustee for
Spring Tree Lending, LLC
Vantage Point Advisory
5565 Glenridge Connector, Suite 200
Atlanta, GA 30342

Alex Kaufman, Esq.
Kaufman & Forman P.C.
8215 Roswell Road, Building 800
Roswell, GA 30350

Michael J. Bargar
Arnall Golden Gregory, LLP
Suite 2100
171 17th Street, N.W.
Atlanta, GA 30363-1031

Pacific Island Equity Corp
Henry Amado, MGR
4348 Waialae Ave, PMB 423
Honolulu, HI 96816-5767

Bradford G. Hughes, Esq.
Clark Hill PLC
1055 West 7th Street
24th Floor
Los Angeles, CA 90017-2577

Pacific Island Equity Corporation
4348 Walalae Ave, PMB 423
Honolulu, Ill 96816-5767

Melinda Jane Steuer, Esq.
Law Offices of Melinda Jane Steuer
928 2nd Street, Suite 302
San Francisco, CA 95814-2229

Secretary of the Treasury
15th & Pennsylvania Avenue, NW
Washington, DC 20200

EXHIBIT "A"